**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4105**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CORON RASHAD MCCAIN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:98-cr-00298-GCM-4)

Submitted: October 14, 2021                    Decided: October 18, 2021

Before DIAZ and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Chiege Ojugo Kalu Okwara, Charlotte, North Carolina, for Appellant. William T. Stetzer, Acting United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Coron Rashad McCain appeals from the district court's revocation of his term of supervised release. The district court found that McCain violated his supervised release conditions by committing new violations of law—including possession with intent to distribute cocaine and possession with intent to distribute marijuana—and imposed a 27-month term of imprisonment. On appeal, McCain challenges the sufficiency of the evidence supporting his supervised release violations, and alleges that the revocation petition only accused him of possessing marijuana. Finding no error, we affirm.

McCain argues that the evidence was insufficient to prove that he had the intent to distribute cocaine and marijuana, and, therefore, he should have received Grade C violations for mere possession, rather than Grade A violations. We review the district court's revocation decision for abuse of discretion and its factual findings for clear error. *United States v. Dennison*, 925 F.3d 185, 190 (4th Cir. 2019). A district court need only find a supervised release violation by a preponderance of the evidence. *Id.* at 191 (citing 18 U.S.C. § 3583(e)(3)). Based on our review of the record, we conclude that there was ample evidence adduced at the revocation hearing from which the district court could conclude that McCain possessed with intent to distribute cocaine and marijuana, offenses which constitute Grade A violations of supervised release. *See* U.S. Sentencing Guidelines Manual § 7B1.1(a)(1), p.s. (2018).

McCain also argues that, because the revocation petition stated that he only possessed marijuana, he was provided insufficient notice that he was accused of possession

with intent to distribute marijuana. The Government contends that because McCain failed to raise this argument in the district court, the plain error standard of review applies. However, our review of the record reveals that McCain arguably raised the issue of whether the violation was properly alleged in the petition in the district court. Therefore, the abuse of discretion standard applies. *Dennison*, 925 F.3d at 190. Although the petition listed only possession of marijuana, the petition noted that the offense was punishable under 21 U.S.C. § 841(b)(1)(D), which requires specific intent to manufacture, distribute, or dispense a controlled substance. Moreover, the petition stated that the violation constituted a Grade A violation of supervised release. We therefore find that the petition was sufficient to put McCain on notice that he was accused of possession with intent to distribute marijuana, and, as such, the district court did not abuse its discretion in revoking McCain's supervised release.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*